UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA AREF AL-JELAIHAWI,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE INSURANCE COMPANIES,<br><br>Defendant. | CASE NO. 2:20-CV-1855-DWC<br><br>ORDER DENYING MOTION TO SUPPLEMENT |

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 14. Currently pending before the Court is Plaintiff Alaa Aref Al-Jelaihawi's Motion for "Leave of Court Supplemental Brief to Initial Complaint with Exhibits" ("Motion") requesting leave to supplement his complaint. Dkt. 25. After considering the relevant record, Plaintiff's Motion (Dkt. 25) is denied.

**I.      Background**

Plaintiff initiated this action on December 28, 2020, alleging claims of bad faith, breach of contract, and negligence against Defendant Progressive Insurance Company. Dkt. 1. Plaintiff

ORDER DENYING MOTION TO SUPPLEMENT - 1

contends Defendant required him to overpay for insurance, increased his prices over the span of three years, and cancelled his policy after beginning an investigation. *Id*. Plaintiff states he could not continue his trucking business. *Id*.

On March 28, 2021, the Court entered an Order Setting Trial, Pretrial Dates, and Ordering Mediation ("Scheduling Order"). Dkt. 19. Pursuant to the Scheduling Order, the discovery period closed on December 20, 2021 and the date to file dispositive deadlines expired on January 18, 2022. *Id*. Trial is set for April 25, 2022. *See* Docket.

Plaintiff filed the pending Motion on December 15, 2021. Dkt. 25. Defendant filed a response stating it opposes the Motion. Dkt. 26. However, if the Motion is granted, Defendant requests the Court reopen discovery and extend the trial and pretrial dates. *Id*.

**II.     Discussion**

In the Motion, Plaintiff requests to "supplement" his Complaint and states he is not amending his Complaint. Dkt. 25. Plaintiff seeks to add additional facts, claims, and documents to his Complaint. *Id*.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). It does not appear Plaintiff seeks to supplement his complaint pursuant to Rule 15(d) by adding events that occurred after the date of the pleading. *See* Dkt. 25. The additional factual allegations and documents attached to the Motion are primarily related to a period of time prior to filing this action. *Id*. Plaintiff appears to raise a spoliation argument and has submitted documents related to this "claim." *Id*. at 30-35. This, however, is a discovery dispute, not a claim for relief. Further, Rule 15(d) supplementation does not allow the introduction of "separate, distinct and new causes

of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation omitted). As Plaintiff is not alleging new facts related to the claims in this case that occurred after the date of the Complaint, Plaintiff has not shown supplementation of his Complaint is proper.

While Plaintiff specifically stated he is not attempting to amend his Complaint, the Court finds the Motion is more consistent with a motion to amend. However, even if the Motion was construed as a motion to amend, the motion fails to comply with Local Civil Rule ("LCR") 15. Under LCR 15, a party seeking leave to amend a pleading must "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" The party must also "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Plaintiff has not provided an amended complaint that complies with LCR 15. Therefore, the Court declines grant Plaintiff leave to file an amended complaint.

### III. Conclusion

The Court finds Plaintiff has not shown supplementation of his Complaint is proper. Further, Plaintiff has not complied with LCR 15 and therefore the Court declines to grant him leave to amend. Accordingly, Plaintiff's Motion (Dkt. 25) is denied.

Dated this 27th day of January, 2022.

David W. Christel
United States Magistrate Judge