UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA AREF AL-JELAIHAWI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROGRESSIVE INSURANCE COMPANIES,<br><br>　　　　　Defendant. | CASE NO. 2:20-CV-1855-DWC<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

Currently before the Court is Plaintiff Alaa Aref Al-Jelaihawi's Motion for Summary Judgment and Defendant United Financial Casualty Company's[1] Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment. Dkt. 29, 30.[2]

**I.    Background**

Plaintiff alleges he overpaid on an insurance policy issued to Plaintiff's trucking company by Defendant. Dkt. 1. Plaintiff states his premiums increased drastically over a span of

---

[1] Plaintiff's Complaint names Progressive Insurance Companies as the defendant. *See* Dkt. 1. "Progressive Insurance Companies is a non-existent corporation and United Financial Casualty Company (UFCC) is the proper defendant." Dkt. 34 at fn.1.

[2] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 14.

1  three years "with virtually ze[r]o losses to account for." *Id*. at 5. Plaintiff contends that, after he

2  began investigating the rate increases, his policy was cancelled and he could not continue his

3  business. *Id*. While unclear, Plaintiff appears to contend Defendant is liable under theories of

4  breach of contract, negligence, and bad faith. *Id*.

5        Plaintiff filed a Motion for Summary Judgment on January 6, 2022. Dkt. 29. Defendant

6  filed the Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary

7  Judgment on January 18, 2022. Dkt. 30, 21 (supporting evidence). On February 11, 2022,

8  Defendant filed a Reply. Dkt. 34. Plaintiff filed an untimely Response to Defendant's Cross-

9  Motion for Summary Judgment on January 15, 2022. Dkt. 35.[3] The parties did not request oral

10  argument and the Court has considered the record and finds this matter can be resolved on the

11  record without oral argument.

12    **II.**    **Standard of Review**

13        Summary judgment is proper only if the pleadings, discovery, and disclosure materials on

14  file, and any affidavits, show that there is no genuine dispute as to any material fact and that the

15  movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

16  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

17  showing on an essential element of a claim in the case on which the nonmoving party has the

18  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of

19  fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

20  the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

21  (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

22

23

24      [3] Defendant did not object to Plaintiff's Response. Therefore, the Court has considered the Response in ruling on the Motions.

metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

Both Plaintiff and Defendant seek summary judgment on Plaintiff's breach of contract claim. Dkt. 29, 30. Defendant also argues it is entitled to summary judgment as to Plaintiff's negligence claim and any other claim asserted in the Complaint. Dkt. 30.

#### A.   Evidence

The evidence shows S&A Transportation LLC DBA Dave's Towing and Transport ("S&A") was owned by Plaintiff, his brother, and his mother. Dkt. 31-1 at 5 (Plaintiff Depo.). Plaintiff was the individual "mostly . . . handling insurance in [the] company." *Id*. at 7. S&A was insured by Defendant from March 24, 2015 through March 24, 2020. *See* Dkt. 31-2 – Dkt. 31-52. Throughout the five-year period that Defendant insured S&A, S&A made multiple changes to the policy – such as adding and removing vehicles and drivers – resulting in changes to the amount of the policy premium. *See* Dkt. 31.[4] Defendant also sent several notices of cancellations to S&A because S&A failed to submit timely payments. *Id*.[5] After S&A received each cancellation notification, S&A paid the premium amount due and the policy was reinstated without a lapse in coverage. *Id*.

---

[4] Dkt. 31-2, 31-3, 31-4, 31-6, 31-7, 31-9, 31-11, 31-12, 31-13, 31-14, 31-15, 31-17, 31-18, 31-19, 31-21, 31-22, 31-23, 31-24, 31-26, 31-27, 31-28, 31-30, 31-31, 31-32, 31-33, 31-34, 31-35, 31-36, 31-37, 31-40, 31-42, 31-43, 31-44, 31-46, 31-47, 31-49, 31-50.

[5] Dkt. 31-5, 31-8, 31-10, 31-16, 31-20, 31-38, 31-39, 31-45, 31-48.

1       On January 30, 2020, Defendant mailed S&A a Notice of Cancellation, Nonrenewal or Declination of Insurance ("Notice of Cancellation") stating that Defendant would not renew S&A's insurance policy. Dkt. 31-52. The Notice of Cancellation stated S&A did not meet Defendant's acceptability criteria because S&A's current drivers list was not received, was incomplete, or was invalid. *Id*. S&A's insurance policy expired on March 24, 2020.

      B.    <u>Breach of Contract</u>

      Plaintiff appears to assert a claim for breach of contract. *See* Dkt. 1. To establish breach of contract claim, Plaintiff must allege: (1) the existence of a valid contract; (2) breach of that contract; and (3) resulting damages. *See Storti v. Univ. of Wash.*, 181 Wash.2d 28, 35 (2014).

      *Valid Contract.* Plaintiff states Defendant breached a contract between Plaintiff and Defendant that required Defendant to act in good faith and treat Plaintiff fairly. Dkt. 31-1 at 25 (Plaintiff Depo.). S&A, Plaintiff's company, was insured by Defendant from March 2015 through March 2020. Plaintiff, however, does not contend a provision of the insurance policy is at issue. *See* Dkt. 1. In fact, Plaintiff testified there is no contractual document on which he is basing his claim. Dkt. 31-1 at 25 (Plaintiff Depo.). Based on the evidence before the Court, the Court cannot identify a valid contract between Plaintiff and Defendant that gives rise to this litigation.

      *Breach of Contract.* As there is no valid contract, there is no evidence Defendant breached a contract. However, assuming Plaintiff is asserting that Defendant failed to perform under the insurance policy, the claim fails. A breach of contract claim must indicate which provision of the contract was breached. *Elliott Bay Seafoods, Inc. v. Port of Seattle*, 124 Wn. App. 5, 12 (2004). As stated above, Plaintiff has not identified any provision of a contractual agreement between Plaintiff and Defendant that Defendant breached. Moreover, the evidence

shows Defendant insured Plaintiff's business from March 2015 through March 2020. *See* Dkt. 31. Throughout the period of coverage, S&A made multiple changes to the policy. For example, S&A added and removed drivers and added and removed vehicles from the policy. As a result of the policy changes, S&A's policy premium amounts fluctuated. In January of 2020, Defendant provided the Notice of Cancellation to S&A informing S&A the insurance policy would not be renewed. The evidence fails to show Defendant breached any contract by adjusting S&A's insurance premium amounts when Plaintiff made changes to the policy or by declining to renew the insurance policy. Therefore, there is no evidence Defendant breached any contract between Plaintiff and Defendant.

*Damages.* The evidence fails to show a valid contract between Plaintiff and Defendant was breached by Defendant. Therefore, the Court declines to determine if there is sufficient evidence showing damages to survive summary judgment. Regardless, the Court notes that Plaintiff alleged he was forced to close his business because he lost insurance. Dkt. 1. However, Plaintiff testified that his assessment of his damages is arbitrary. *See* Dkt. 31-1 at 26 (Plaintiff Depo.). Thus, Plaintiff has not submitted sufficient evidence to show Plaintiff was actually damaged as a result of any alleged breach of contract.

*Conclusion.* The evidence fails to show there was a valid contract between Plaintiff and Defendant that was breached by Defendant. Therefore, Defendant is entitled to summary judgment on the breach of contract claim.

C. <u>Negligence</u>

Plaintiff also alleges Defendant was negligent based on Plaintiff's interactions with Defendant's employees at one of Defendant's call centers. *See* Dkt. 31-1 at 23 (Plaintiff Depo.). A party claiming negligence must prove (1) duty, (2) breach, (3) causation, and (4) injury.

*Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 170 Wash. App. 666, 680 (2012). Plaintiff has not alleged and the record does not reflect Defendant breached a duty to Plaintiff based on Plaintiff's interactions with a call center. In fact, there is no explanation of what duty Defendant owed Plaintiff. Furthermore, there are no allegations or evidence showing Plaintiff suffered an injury as a result of his interactions with Defendant's employees at a call center. Therefore, there is no evidence Defendant acted negligently. Accordingly, Defendant is entitled to summary judgment as to Plaintiff's negligence claim. *See Dombrosky v. Farmers Ins. Co. of Washington,* 84 Wash. App. 245, 260–61, (1996), *as amended* (Feb. 7, 1997) (finding the plaintiff failed to provide specific evidence to establish the elements of negligence and stating "[m]ere unsupported assertions will not defeat a summary judgment motion").

D. Bad Faith

The Complaint also appears to allege Defendant is liable under theories of unethical policy practice, twisting, misrepresentation, and operation in bad faith. Dkt. 1 at 5. As Plaintiff has not provided any explanation as to these claims, the Court interprets the claims to be alleging that Defendant acted in bad faith.

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751, 765 (2002). Claims by insureds against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. *See Safeco Ins. Co. v. Butler*, 118 Wash.2d 383, 388 (1992). To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Overton v. Consol. Ins. Co.,* 145 Wash.2d 417, 433 (2002). Here, as discussed above, there is no evidence Defendant breached the insurance contract

JUDGMENT - 6

or breached any duty owed to Plaintiff. As there is no evidence (or allegations) showing Defendant breached a duty owed to Plaintiff, Defendant is entitled to summary judgment on Plaintiff's bad faith claim.

## IV. Conclusion

Based on the record before the Court, the evidence fails to create a genuine issue of material fact showing Defendant is liable under the theories of breach of contract, negligence, or bad faith. Therefore, Plaintiff's Motion for Summary Judgment (Dkt. 29) is denied, Defendant's Cross-Motion for Summary Judgment (Dkt. 30) is granted, and this case is closed.

Dated this 22nd day of February, 2022.

David W. Christel
United States Magistrate Judge